# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

ANTHONY SCALES,

          Plaintiff,

v.                                        CIVIL ACTION NO. 2:18-cv-00372

NORFOLK SOUTHERN RAILWAY COMPANY,

          Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand. (ECF No. 3.) For the reasons herein, the Court **DENIES** the motion.

### I. BACKGROUND

This case arises out of injuries Plaintiff allegedly suffered when a truck in which he was a passenger collided with another truck owned by Defendant on County Route 49 in Mingo County, West Virginia. (ECF No. 1-1 at 3; ECF No. 4 at 2.) Plaintiff is a resident of West Virginia, and Defendant is a Virginia corporation with a principal place of business in Norfolk, Virginia. (ECF No. 1 at 4; ECF No. 1-1 at 3.)

The Complaint filed in state court and attached to Defendant's Notice of Removal alleges that on September 30, 2016, Plaintiff was riding as a passenger in a 1991 Ford Ranger when the vehicle collided with a Chevrolet Silverado K3500 owned by Defendant and operated by its agents. (ECF No. 1-1 at 3.) Plaintiff alleges that he has suffered permanent injuries, including past,

1

present, and future pain and suffering. (*Id.* at 3–4.) The Complaint alleges a single count of negligence and requests relief in the forms of compensatory damages, attorney fees and costs, and other relief deemed appropriate. (*Id.*)

Plaintiff filed his Complaint in the Circuit Court of Mingo County, West Virginia, on August 16, 2017.[1] (ECF No. 1 at 1.) Defendant removed the case to this Court on February 28, 2018. (*Id.*) In the Notice of Removal, Defendant provides that the sole basis for this Court's subject-matter jurisdiction over this case is diversity pursuant to 28 U.S.C. § 1332. (*See id.* at 3–4.)

Plaintiff filed the current Motion to Remand on March 22, 2018, in which he asserts that this Court lacks subject-matter jurisdiction over the matter because he signed a stipulation on March 20, 2018, stating that the amount in controversy is below the $75,000 requirement for diversity jurisdiction. (ECF No. 4 at 2–3; *see also* ECF No. 3-2.) Defendant filed its response on March 29, 2018, (ECF No. 5), and no reply brief was filed. As such, the motion is ripe for adjudication.

## II. LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

---

[1] The Complaint names Rodney Jerome Joplin as a second defendant in this matter. However, the state court dismissed Mr. Joplin from the action prior to removal. (*See* ECF No. 1-11.)

Congress provided a right to remove a case from state to federal court under 28 U.S.C. § 1441. This statute states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Because removal of civil cases from state to federal court infringes state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)).

The party asserting federal jurisdiction bears the burden of proof. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996). "A defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). "This test is framed alternatively as a requirement that a defendant demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Id.* (citation omitted). "To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000." *Judy v. JK Harris & Co.*, No. 2:10–cv–01276, 2011 WL 4499316, at *3 (S.D. W. Va. Sept. 27, 2011) (citation omitted). The defendant must supply evidence regarding the amount at issue. *See McCoy v. Erie Ins. Co.*, 147

3

F. Supp. 2d 481, 489 (S.D. W. Va. 2001). "In so doing, he may rely upon the entirety of the facts and circumstances comprising the plaintiff's damages claim." *Judy*, 147 F. Supp. 2d at 489 (citation omitted).

In evaluating a party's claim to federal jurisdiction, a court should look to the circumstances as they existed at the time the notice of removal was filed. *See Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("[F]ederal jurisdiction . . . is fixed at the time the . . . notice of removal is filed." (citation omitted)). In particular, where the plaintiff's monetary demand is not specified in the complaint, "[t]he value of the matter in controversy . . . is determined by considering the judgment that would be entered if plaintiff prevailed on the merits." *Landmark Corp.*, 945 F. Supp. at 936–37 (citation omitted). In calculating the amount in controversy, a court may consider the entire record and make an independent evaluation of whether the amount in controversy is satisfied. *See Grubb v. Jos. A. Bank Clothiers, Inc.*, No. 2:05-0056, 2005 WL 1378721, at *5 (S.D. W. Va. June 2, 2005) (citation omitted).

Finally, this Court has long stood for the principle that to "alleviate unseemly forum gaming," a plaintiff's unilateral stipulation regarding the amount in controversy signed after a case's removal carries weight only in "unique circumstances." *See McCoy*, 147 F. Supp. 2d at 485–86; *see also Osburn v. Precision Cast Corp.*, No. 3:17-4236, 2017 WL 5908001, at *2 (S.D. W. Va. Nov. 30, 2017) (citing *Walker v. Lowe's Home Ctrs., Inc.*, No. 2:09-0721, 2010 WL 1404300, at *2 (S.D. W. Va. Mar. 30, 2010)). Such a stipulation, signed by counsel and his client, "should be filed contemporaneously with the complaint, which also should contain the sum-certain

4

prayer for relief." *McCoy*, 147 F. Supp. 2d at 486; *cf. Parsley v. Norfolk & W. Ry. Co.*, No. 3:17-4322, 2018 WL 813158, at *2 (S.D. W. Va. Feb. 9, 2018).

## III. DISCUSSION

The sole dispute between the parties as to this motion is whether the Court has diversity jurisdiction over this matter. (*See* ECF No. 4 at 2–3; ECF No. 5 at 2–5.) The parties agree that there is complete diversity between them. (*See* ECF No. 1 at 4; ECF No. 1-1 at 3.) Nevertheless, the parties disagree as to whether the amount in controversy exceeds $75,000.

Plaintiff does not specify an amount for the damages that he seeks in the Complaint. (*See generally* ECF No. 1-1.) Defendant claims in its Notice of Removal that the amount in controversy exceeds $75,000 based on Plaintiff's own responses to Defendant's interrogatories. (ECF No. 1 at 3.) While this case was pending in state court, Plaintiff answered Defendant's interrogatories on December 1, 2017. (*Id.*) One interrogatory directed Plaintiff to state "in detail, all elements of damages which [he] claim[s] in this matter . . . ." (ECF No. 1-10 at 14.) Plaintiff's answer read as follows:

1. Past Medical Bills - $18,305.28

2. Pain & Suffering - $100,000.00

3. Annoyance & Inconvenience - $25,000.00

Total: $143,305.28

(*Id.*)

Plaintiff admits in the motion's supporting memorandum that he "originally answer[ed] discovery valuing his total damages against Defendants, Rodney Joplin and NSRC, in excess of $75,000.00." (ECF No. 4 at 2.) *See supra* note 1. However, Plaintiff states that he since has

"reevaluated his damages" against Defendant now that Mr. Joplin is no longer involved in the case. (ECF No. 4 at 2.) Due to the reevaluation, Plaintiff executed a "Stipulation of Damages" in which he agrees "not [to] seek monetary damages against [Defendant] in an amount in excess of $75,000.00 . . . ." (ECF No. 3-2 at 1.) Plaintiff and his counsel signed the stipulation, and it is dated March 20, 2018. (*Id.* at 1–2.)

Despite that attempted stipulation, the Court finds that Defendant has met its burden of establishing that the amount sought by Plaintiff is in excess of $75,000. First, this Court's task is to assess the circumstances as they existed at the time of removal. *See Dennison*, 549 F.3d at 943. Defendant argues that because the stipulation was signed subsequent to removal, they did not know that Plaintiff planned to seek anything less than the jurisdictional amount. (*See* ECF No. 5 at 4–5.) In this situation, where a determination of Plaintiff's actual damages cannot be made on the face of the Complaint, this Court may consider summary-judgment-type evidence submitted by the parties. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (recognizing that "a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal" (emphasis in original)); *see also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). Plaintiff's Complaint does not enumerate the actual damages suffered, so the Court may properly consider his answers to Defendant's interrogatories attached to the Notice of Removal. The fact that Plaintiff executed a stipulation after this case was removed in an apparent attempt to thwart federal jurisdiction is of no avail. *See McCoy*, 147 F. Supp. 2d at 485–86; *cf. Parsley*, 2018 WL 813158, at *2 ("It is well-established law . . . that plaintiffs cannot avoid federal jurisdiction by later stipulating to an amount of damages below the jurisdictional minimum." (internal quotation marks omitted) (citation omitted)). There are no

6

"unique circumstances" in this case that necessitate remand based solely on Plaintiff's post-removal stipulation. *See Osburn*, 2017 WL 5908001, at *2.

Again, Defendant must prove by a preponderance of the evidence that the amount in controversy, at the time the Notice of Removal was filed, was greater than $75,000.00. *See Landmark Corp.*, 945 F. Supp. at 935. Defendant provided concrete evidence supporting its belief that this jurisdictional amount was satisfied. (*See* ECF No. 1-10.) Based on this evidence, it is clear that Plaintiff sought an amount almost double that requirement at the time this case was removed. Plaintiff's attempt to rebut his earlier sworn statement with a signed stipulation almost a month after removal to federal court cannot stand in light of the clear law on the effect of such an attempted stipulation. *See, e.g.*, *McCoy*, 147 F. Supp. 2d at 485–86. Thus, this Court has diversity jurisdiction over the above-styled matter.

### IV. CONCLUSION

For the reasons above, the Court **DENIES** the Motion to Remand. (ECF No. 3.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 16, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE