# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

ANTHONY SCALES,

        Plaintiff,

v.                               CIVIL ACTION NO. 2:18-cv-00372

NORFOLK SOUTHERN RAILWAY COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court stayed the instant case after granting Plaintiff's Counsel's motion to withdraw to allow Plaintiff to retain new counsel or proceed *pro se*. (ECF No. 16.) The Court directed Plaintiff to inform the Court by January 18, 2019, whether he intends to proceed *pro se* or have counsel enter an appearance on his behalf. (*Id.*) There being no response from Plaintiff, the Court extended the stay and again directed Plaintiff to file a written statement of his intent to proceed *pro se* or retain counsel by April 23, 2019. (ECF No. 18.) To date, Plaintiff has not responded to the Court's directive. As Plaintiff has repeatedly failed to respond to the Court's orders, the issue now before the Court is whether Plaintiff has failed to prosecute his civil action. For the following reasons, the Court finds that Plaintiff has failed to prosecute this case and therefore **DISMISSES** the case without prejudice.

### I.    BACKGROUND

Plaintiff, by counsel, instituted this action in the Circuit Court of Mingo County, West Virginia, on August 15, 2017, asserting a negligence claim against Defendants Rodney Jerome

Joplin and Norfolk Southern Railway Company ("NSRC").[1]  (ECF No. 1-1.)  On February 28, 2018, NSRC removed the case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Thereafter, the Court issued a scheduling order, setting a discovery deadline of May 13, 2019 and trial for September 17, 2019.  (ECF No. 10.)

On December 7, 2018, Plaintiff's counsel moved to withdraw from the case, citing Plaintiff's failure to respond to his repeated attempts to communicate with him regarding discovery and deadlines in this case.  (*See* ECF No. 15.)  The Court granted counsel's motion to withdraw and stayed the matter for thirty days to allow Plaintiff time to find new counsel should he so desire.  (ECF No. 16.)  The Court further directed Plaintiff to inform the Court by the end of the thirty-day period whether he intends to proceed *pro se* or have new counsel file an appearance with the Court.  (*Id.*)  The Order was sent to counsel of record and Plaintiff at the P.O. Box address listed on the docket sheet in this action but was returned as "not deliverable" and "unable to forward" to Plaintiff's listed address.  (ECF No. 17.)

The Court extended the stay and entered a second order on April 9, 2018, again directing Plaintiff to advise the Court, in writing, of his intent to proceed *pro se* or retain counsel by April 23, 2019.  (ECF No. 18.)  The Order was returned undeliverable, (*see* ECF No. 19), and the time for response has now elapsed without a response from Plaintiff.

II.     DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), federal courts possess the inherent power to *sua sponte* dismiss an action for a Plaintiff's failure to prosecute or comply with a court order.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (noting that "[n]either the

---

[1] Upon motion for a declaration of good faith settlement and dismissal of cross-claims, the state court entered an order dismissing Rodney Jerome Joplin from this action on February 26, 2018.  (ECF No. 1-11.)

permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires [the Court] to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."); *see also* L.R. Civ. P. 41.1 (providing for dismissal of action "in the absence of good cause shown" where "the parties have shown no interest in further prosecution").

When considering whether to dismiss a case for failure to prosecute, the court should consider the following four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990). While these factors assist the court in determining whether dismissal is appropriate, the propriety of a dismissal ultimately "depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989).

The Fourth Circuit has advised that "the district court should dismiss the case" where, like here, a party "has ignored an express warning that noncompliance with a court order will result in dismissal[.]" *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. Nov. 15, 2013) (citing *Ballard*, 882 F.2d at 95–96). In the Court's last two orders, the Court directed Plaintiff to file a statement of intent to proceed *pro se* or have an attorney file an appearance with the Court. (*See* ECF Nos. 16, 18.) The Court directly cautioned Plaintiff that noncompliance would result in a dismissal of his case. (*Id.*) Despite this clear warning, Plaintiff has taken no action to further prosecute his claims nor has he indicated to the Court any change in address as required by Rule 83.5 of the Local Rules of Procedure. *See* L.R. Civ. P. 83.5.

3

The Fourth Circuit's four-factor test further weighs in favor of dismissal. First, there is no evidence to suggest that blame falls on anyone but Plaintiff. *See Hillig*, 916 F.2d at 174 (stating that dismissal "is usually inappropriate when it unjustly penalizes a blameless client for the attorney's behavior.") (citation omitted). Plaintiff's counsel had difficulty establishing contact and communicating with Plaintiff, resulting in the motion to withdraw as counsel. The Court has issued two separate orders requiring a response from Plaintiff, but he failed to report to the Court or otherwise provide a current address to which case filings may be mailed. Thus, the Court must conclude that Plaintiff is wholly responsible for the noncompliance.

Second, Plaintiff's complete lack of communication with the Court and his prior counsel has stalled discovery and halted the case's progress for over four months. Further tolerance of Plaintiff's noncompliance would continue to substantially prejudice NSRC during discovery and the trial phase.

With respect to the third factor, Plaintiff has shown a pattern of "deliberately proceeding in a dilatory fashion." *See id.* To date, Plaintiff has failed to answer NSRC's discovery served on September 19, 2018. (*See* ECF No. 15.) He did not attempt to respond or otherwise establish contact with his prior counsel to assist in the prosecution of his case. (*See id.*) Further, the Court issued two orders directed specifically towards Plaintiff, but he has failed to communicate, in any form, with the Court.

In consideration of the last factor, the Court is mindful that "dismissal is not a sanction to be invoked lightly." *Ballard*, 882 F.2d at 95 (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)). However, alternative sanctions against Plaintiff are not likely to be effective. Discovery penalties and monetary sanctions will not compel Plaintiff to respond to the Court's orders and

4

timely prosecute his claims as Plaintiff has already ceased all participation in this case. Accordingly, the Court finds that Plaintiff has failed to take any steps to prosecute this action and, thus, this case is **DISMISSED**.

### III. CONCLUSION

The Court finds that Plaintiff has failed to prosecute this action. Pursuant to Federal Rule 41(b), the Court **DISMISSES** this case without prejudice and **DIRECTS** the Clerk to remove this case from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 24, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE